IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMARCO HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-869-M |
| | ) |
| LESTER ROBERISON and | ) |
| SHEILA VAUGHN, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation

In this action under 42 U.S.C. § 1983, a state prisoner (Demarco Hubbard) complains about two missed meals. On screening, I recommend dismissal of the action because it is frivolous.

Screening for frivolousness is required because Mr. Hubbard appears *in forma pauperis* and is a prisoner suing over prison conditions.[1] The suit is considered *frivolous* if it lacks arguable factual or legal support.[2] Such support is lacking here.

Under Section 1983, the Plaintiff must plead facts that suggest a constitutional violation.[3] In the complaint, Mr. Hubbard alleges only that he was denied two meals fifteen

---

[1] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(i), 42 U.S.C. § 1997e(c)(1) (2006).

[2] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint with factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact").

[3] *See Jenkins v. Currier*, 514 F.3d 1030, 1032-33 (10th Cir. 2008).

days apart. This allegation does not suffice for a constitutional violation,[4] and the Court should summarily dismiss the action.

The parties have a right to object to this report and recommendation by December 27, 2012.[5] If Mr. Hubbard does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The absence of a timely objection would waive Mr. Hubbard's right to review by the Tenth Circuit Court of Appeals.[6]

This report discharges the referral.

Entered this 10th day of December, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[4] *See Scott v. Ritter*, CIV-11-540-R, slip op. at 10-11 (W.D. Okla. Feb. 2, 2012) (unpublished op.; magistrate judge's report, holding that deprivation of a single meal was not sufficiently serious to constitute a violation of the Eighth Amendment), *adopted*, Order at 3 (W.D. Okla. Mar. 7, 2012) (unpublished op.); *see also Bridgeforth v. Ramsey*, 198 F.3d 257, 1999 WL 992978, Westlaw op. at 2 (10th Cir. Nov. 2, 1999) (unpublished op.) (affirming the district court's dismissal of an inmate's Eighth Amendment claim based on the deprivation of a single meal, holding that the allegations were "not sufficiently grave to warrant relief"); *accord White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (holding that a prisoner's alleged limitation to two meals per day on weekends was frivolous because the denial of a third meal did not result in a serious or significant injury); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (stating that "[t]he magistrate judge [had] properly dismissed [the plaintiff's] section 1983 claim for missing eight meals . . . for failure to state a claim upon which relief [could] be granted").

[5] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011).

[6] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).